UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) ) | Civil Action No. 09-620 (RMC) (consolidated with Civ. No. 09-1128 (RMC)) |
| BRAND ENERGY SERVICES LLC, *et al.*, | ) ) ) |  |
| Defendants. | ) ) |  |

**MEMORANDUM OPINION**

Seeking to confirm an arbitration award in its favor on a work jurisdiction dispute, Laborers' International Union of North America ("LIUNA") brought this suit against the employer who failed to assign the work to LIUNA, Brand Energy Services LLC ("Brand"),[1] and against the unions whose members had been awarded the work: Pacific Northwest Regional Council of Carpenters ("PNRCC"), United Brotherhood of Carpenters and Joiners of America, Carpenters Local 1849, and Millwrights Local 1699 (collectively the "Carpenters"). At this juncture, the Carpenters have conceded that the arbitration award should be confirmed, but contest LIUNA's request for attorneys' fees and costs as well as damages. As explained below, LIUNA's request for attorneys' fees and costs will be granted but its claim for damages will be

---

[1] While LIUNA named Brand as a defendant in this case, the record does not reflect that LIUNA ever served Brand with the summons and complaint. Thus, the Court has issued an order requiring LIUNA to either: (1) file with the Court proof that Brand has been served with a summons and complaint, or (2) provide the Court with a written explanation stating good cause for why service of process has not been completed. *See* Order [Dkt. # 31].

denied.

## I. FACTS

When LIUNA filed suit for enforcement of the arbitration award, the Carpenters filed a separate counter suit, Civil Case No. 09-1128, against LIUNA and nominally against Brand, seeking a declaratory judgment that the Carpenters are not bound by the award. This Court consolidated the cases and then stayed them pending a decision of the National Labor Relations Board ("NLRB") in a parallel case, *Pacific Northwest Regional Council of Carpenters*, 19-CD-499. On June 11, 2010, the NLRB issued its decision in that parallel case, finding that the NLRB did not have jurisdiction over the work dispute because all parties were bound by a Plan for the Settlement of Jurisdictional Disputes in the Construction Industry (the "Plan"). *See* Notice [Dkt. # 26], Ex. A (June 11, 2010 NLRB Decision) at 6; Am. Pet. to Confirm Arbitration [Dkt. # 3], Ex. A (Plan). "In signing the Participation Agreement, Regional Carpenters was not merely acting as an agent for its locals, but rather obtained its own rights and obligations under that agreement. Accordingly, as a party to the Participation Agreement, Regional Carpenters is bound to the Agreement's requirement that the Plan be used to resolve jurisdictional disputes." NLRB Decision at 6.

The Plan Arbitrator previously had issued a decision that the Carpenters were improperly performing work that should have been assigned to LIUNA, and ordered Brand to assign the scaffolding work in question to LIUNA. *See* Am. Pet. [Dkt. #3], Ex. E (Mar. 23, 2009 Arbitrator's Award) ("Arbitrator's Award") at 20.

Because the NLRB determined that the parties were bound by Plan arbitration and because the Arbitrator had decided the work jurisdiction dispute, this Court ordered the parties to

show cause why the Arbitrator's Award should not be confirmed. In response, the Carpenters voluntarily dismissed their countersuit, Civil Case No. 09-1128, and filed notice that they did not oppose the enforcement of the Arbitrator's Award. *See* Voluntary Dismissal [Dkt. # 28]; Notice of Non-Opposition [Dkt. # 27]. Thus, the Amended Petition to Enforce Arbitration will be granted as conceded.

This, however, does not end the matter. LIUNA seeks attorneys' fees and costs as well as damages. The Carpenters oppose.

## II. ANALYSIS

### A. Attorneys' Fees and Costs

The American Rule applies regarding attorneys' fees. *Fresh Kist Produce L.L.C. v. Choi Corp. Inc.*, 362 F. Supp. 2d 118, 125 (D.D.C. 2005). Under this Rule, each party bears his own attorneys' fees, absent an explicit statutory basis for awarding fees, *id*., or absent a contractual basis for awarding fees. *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1312-13 (2d Cir. 1993). "Where a contract authorizes an award of attorneys' fees, such an award becomes the rule rather than the exception." *Id*. at 1313. If a contract is unclear, the obligation to pay attorneys' fees should not be imposed. *Am. Bldg. Maint. Co. v. L'Enfant Plaza Props., Inc.*, 655 A.2d 858, 862 (D.C. 1995).

The Plan provides, "[a] party seeking enforcement of an Arbitrator's decision . . . due to the failure of another party to abide by the decision . . . shall be reimbursed by the party failing to abide by the decision . . . for any attorneys' fees, court costs, and expenses incurred." Plan, Art. VII § 2(c). LIUNA sought enforcement of the Arbitrator's Award due to the failure of the Carpenters to abide by the Award and thus the Carpenters are required to reimburse LIUNA

for attorneys' fees and costs for this enforcement action.

The Carpenters argue that they are not liable for fees and costs. They point out that the original Petition to Confirm Arbitration [Dkt. #1] neglected to request attorneys' fees. The Amended Petition [Dkt. # 3] also did not include a request for fees. However, the Carpenters were aware that LIUNA would seek fees for this enforcement action, as LIUNA included a request for fees and costs in its Answer and Counterclaim filed in Civil Case No. 09-1128 case. *See* Civil Case No. 09-1128, Answer & Countercl. [Dkt. # 27]. The Supreme Court has held that a motion for fees is untimely if it causes "unfair surprise or prejudice" or violates a local rule. *White v. New Hampshire*, 455 U.S. 445, 454 (1982). Such cannot be said about LIUNA's request for fees.

Further, the Carpenters assert that the Court's reviewing function on a request to confirm an arbitration award is limited[2], and that the Court cannot award attorneys' fees because the Arbitrator did not do so. But the Arbitrator did not do so because no suit to enforce the Award had been brought at that time. This Court, where the enforcement action took place, may award attorneys' fees and costs for such enforcement action pursuant to the terms of the Plan.

The Carpenters also contend that because the Plan's applicability to the Carpenters was ambiguous, the Plan's provision for attorneys' fees was ambiguous, *i.e*, since a contractual obligation to pay attorneys' fees should not be imposed when a contract is unclear, they should not be required to pay fees and costs. This argument fails. The NLRB determined

---

[2] Judicial review of an arbitration award is narrowly limited. *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 395-96 (2002). "Allowing undue challenges to arbitration awards would defeat the finality and speedy dispute resolution expected of the arbitration procedure." *Revere Copper and Brass Inc. v. Overseas Private Inv. Corp.*, 628F.2d 81, 83 n.1 (D.C. Cir. 1980).

that the Plan applied to all of the organizations that comprise the Carpenters. Moreover, the Plan's provision regarding attorneys' fees and costs itself is not ambiguous.

Finally, the Carpenters point out that the Plan requires each party to bear its own expenses for the arbitration. Plan, Art. VI § 6(f). This fact is not relevant. LIUNA does not request fees and expenses for the arbitration; it requests fees and expenses for this enforcement action.

As the Carpenters have raised no valid defense to LIUNA's claim for attorneys' fees and costs, the contractual obligation to pay the costs of enforcement of the Arbitration Award will be enforced.

### B. Damages

LIUNA also seeks "damages incurred from [Defendants'] failure to comply with the Arbitration Award." LIUNA's Reply to Show Cause Order [Dkt. # 29]. The Arbitrator's Award that LIUNA sought to confirm in this suit did not address the issue of damages. Because LIUNA's current request for damages is beyond the scope of the underlying Arbitrator's Award, the request will be denied as outside the jurisdiction of this Court.[3]

### III. CONCLUSION

Accordingly, LIUNA's Amended Petition to Confirm Arbitration [Dkt. # 3] will be granted as conceded, and the March 23, 2009 Arbitrator's Award will be confirmed. Further, LIUNA's request for attorneys' fees and costs [Dkt. # 29] will be granted. So that the Court can determine the proper amount of fees and costs to award, LIUNA shall file, no later than

---

[3] The parties dispute whether Defendants in fact complied with the Arbitrator's Award. PNRCC asserts that since June 8, 2009, Brand has assigned the disputed work to LIUNA. Shanley Aff. [Dkt. # 22], Ex. B.

September 15, 2010, an affidavit and itemized list of reasonable attorneys' fees and costs incurred in this enforcement action. The Carpenters shall file a response no later than September 29, 2010; and LIUNA may file a reply no later than October 6, 2010. LIUNA's request for damages will be denied.


Date: August 30, 2010                              /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge